Commonwealth ex rel. Donnell, Appellant, *v.* Myers.

Argued June 21, 1965; reargued December 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*James A. Peace,* for appellant.

*Wilson Bucher,* District Attorney, for appellee.

OPINION BY JACOBS, J., June 17, 1966:

On June 15, 1961, relator was convicted by a jury of the crimes of burglary, larceny and receiving stolen goods. At his trial a written confession which he had given was admitted into evidence. He denied his guilt and claimed that the confession was forced from him. In accordance with accepted procedure in Pennsylvania at that time, the question of the voluntariness of the confession was submitted to the trial jury. Relator was sentenced to a state institution to serve a term of not less than three (3) years nor more than six (6) years to date from January 31, 1961. No post trial motions were made or appeals taken.

Relator filed a petition for a writ of habeas corpus on November 18, 1964 alleging lack of due process in his trial in that the voluntariness of his confession should have been determined in a hearing separate and apart from the jury, the confession was not voluntary, he was denied the right to counsel and he was not advised of his right to have counsel and remain silent. The petition was handled by the same judge who had tried relator. Following the mandate of *Jackson v.*

*Denno,* 378 U.S. 368, 84 S. Ct. 1774, 12 L. ed. 2d 908 (1964), which held that the prior practice of submitting contested confessions to trial juries without a prior independent judicial determination of voluntariness failed to afford due process, and *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965), he set a hearing to determine the voluntariness of the confession. He appointed Marvin M. Zimmerman, Esq., a member of the Lancaster County Bar, to represent relator. At the conclusion of the hearing on January 26, 1965, the judge found that the confession was voluntary and that relator made no request for counsel at the time of his confession or at the time of his preliminary hearing. He refused the writ and relator appealed to this court.

The evidence in this case does not support the conclusion of the lower court that the confession was voluntary.[1] The hearing judge made no findings of fact to support this legal conclusion. Our independent examination of the record, including the testimony at the habeas corpus hearing and the testimony at the jury trial, reveals the following: From the time relator was placed in Lancaster County Prison on January 31, 1961, until he confessed on March 21, 1961, he steadfastly maintained that he was innocent although he was interrogated numerous times by the state police. He was not given a preliminary hearing until March 9, 1961, forty days after he was arrested, at which time he again denied the charges. On March 11th he was

---

[1] We are bothered by the fact, as was pointed out by our colleague, Judge HOFFMAN, in his dissent in *Commonwealth ex rel. Gaito v. Maroney,* 206 Pa. Superior Ct. 113, 210 A. 2d 907 (1965), that the United States Supreme Court in *Jackson v. Denno* left undecided the question of the burden of proof in the independent hearing on the issue of voluntariness. We need not decide this question here for whatever the burden, we are satisfied that the record does not support a finding of voluntariness within the meaning of the Due Process clause.

put in solitary confinement where he remained until his confession on March 21st. During those eleven days in solitary confinement he lived on bread and water and an occasional bowl of soup. He was handcuffed and chained to an iron bar on the wall. Apparently his movement was limited to the distance between his bunk and the toilet. The cell had no windows, was unlighted and cold. Relator could not wash or shave. On March 21st the principal interrogating officer, Detective Sergeant Devlin, came to the cell. Immediately thereafter relator was taken to another room in the jail where his confession was typed and signed. Having given the confession, relator was released from solitary confinement.

Relator's account of the conditions under which he was confined was uncontradicted. It was corroborated in large part by Attorney Zimmerman who was a witness at relator's trial but didn't testify at the habeas corpus hearing, probably because he was court-appointed counsel at that hearing. Besides corroborating relator's description of the cell, Zimmerman said relator looked "extremely exhausted" when he visited relator. Detective Sergeant Devlin also admitted seeing relator handcuffed to a railing against the wall the day the confession was given. The warden stated that relator was put in solitary confinement because he caused a disturbance. Relator denied this and testified that he was told that he would be kept there until trial if he didn't confess. Devlin testified that when he saw relator on March 21st relator told him that he would tell him everything if Devlin could get him out of there.

Regardless of the reason for putting relator in this solitary confinement, we believe that the effect of such oppressive conditions was to render the confession involuntary. In determining the voluntariness of a confession we are bound to follow the test laid down by the United States Supreme Court. In *Reck v. Pate,*

367 U.S. 433, 81 S. Ct. 1541, 6 L. ed. 2d 948 (1961), this was summarized as follows:

"The question in each case is whether a defendant's will was overborne at the time he confessed. . . . If so, the confession cannot be deemed 'the product of a rational intellect and a free will'. . . . In resolving the issue all the circumstances attendant upon the confession must be taken into account. . . ."

The archaic and cruel type of confinement inflicted upon relator for eleven successive days was sufficient to destroy the will power of almost any human being. Weakened by lack of food, shut off from the rest of the world, restricted to a few feet of movement, chained and handcuffed, cold and dirty, he knew there was one way to get out. It is hard to imagine anyone of normal mentality and sensitivity who wouldn't have said what the police wanted him to say to escape these conditions. A confession extracted under these circumstances is not the product of a rational intellect and a free will, and the Constitution forbids its use.

Our disposition of the case makes discussion of relator's other allegations unnecessary.

The order of the court below is reversed and the record is remanded to that court with directions to issue the writ and grant a new trial in which the confession shall not be admitted nor shall there be any testimony in regard to it.

Ervin, P. J., and Wright, J., would affirm the order below.