## Commonwealth *v.* McLean, Appellant.

Argued September 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and HANNUM, JJ. (SPAULDING, J., absent).

*Mervyn R. Turk,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 14, 1968:

In April 1968, appellant Lester Joseph McLean was convicted by a Delaware County jury on charges of rape, assault with intent to ravish, carrying a concealed deadly weapon, robbery, and aggravated assault and battery. Following denial of motions for a new trial and in arrest of judgment, sentence was imposed on the rape conviction and suspended on the other indictments. This appeal followed.

We are asked to decide whether the trial judge, following an advance determination that appellant's oral confession was admissible at the trial, erred in failing to submit the issue of voluntariness to the jury under appropriate instructions.

The crimes involved occurred in Newtown Square, Delaware County, Pennsylvania, on July 21, 1967. From the description given by the victim and subsequent investigation, the Newtown Township police were

able to ascertain the identity and whereabouts of the appellant. On August 1, 1967, appellant was interrogated by two officers from Newtown Township while he was in custody in the State of Delaware awaiting trial for an offense alleged to have been committed in that jurisdiction. According to the police officer's testimony McLean was given the full list of *Miranda* warnings prior to any questioning and was neither mistreated nor offered any inducements to make a statement. The officer further testified that appellant then admitted a number of important details of the crimes which took place in Delaware County. No written statement was taken. Later in the interview, appellant requested an attorney and the officers terminated the interrogation immediately.

Before trial, appellant made timely application to the court to suppress the oral confession on the grounds that he was not adequately advised of his constitutional rights and that the confession was not made voluntarily. The court held an independent pretrial hearing in chambers and found that the appellant's confession was voluntary, that he was given proper constitutional warnings, and that he had voluntarily and intelligently waived his rights. Although finding the oral statements to be admissible at trial, the court ruled that "the defendant may offer evidence on the issue whether they were made voluntarily." At trial, appellant's counsel appropriately objected to any testimony by the police officers concerning appellant's statements to them on the ground that they were involuntary. Appellant at trial denied committing the crimes, denied ever seeing the victim prior to trial and denied making the admissions. He said that at the time of questioning by the police officers he was nervous and upset because his common-law wife was losing her baby and the police were speaking on both

sides of him. He claimed the police "hollered" at him and urged him to admit his guilt. He then concluded he might as well say he was guilty because he couldn't do anything, there was no one to help him, he didn't have an attorney at the time and he was scared.

In his charge to the jury the judge made no mention of the voluntariness of the oral confession, an issue which was clearly raised by appellant's testimony. He did not instruct the jury that if they found that the confession was not voluntarily made they must disregard it. No specific exception was taken to this omission from the charge. However, defendant took a general exception which he claims covers such a basic and fundamental error.

Prior to the decision of the Supreme Court of the United States in *Jackson v. Denno*, 378 U.S. 368, decided June 22, 1964, the treatment of confessions offered in criminal trials was clearly delineated by the Supreme Court of Pennsylvania. For example, in *Commonwealth v. Simmons*, 361 Pa. 391, 400-01, 65 A. 2d 353, 358 (1949), it is said: "[W]here the Commonwealth's witnesses show that a confession is made voluntarily without such threats or inducements as might secure a false confession, it must be admitted; if afterwards the defendant testifies, or produces other witnesses who testify, that it was *not* voluntarily made, it becomes a question for the jury, *who must be instructed that, if they find the confession was not voluntarily made, they must wholly disregard it.*" (latter emphasis added).[1]

In *Jackson v. Denno* the court considered the New York procedure under which the trial judge, in mak-

---

[1] It is axiomatic that a jury must reject entirely a confession which has been coerced in any way. See *Commonwealth v. Kloiber*, 378 Pa. 412, 422, 106 A. 2d 820, 825 (1954) ; *Commonwealth ex rel. Donnell v. Myers*, 208 Pa. Superior Ct. 57, 220 A. 2d 376 (1966).

ing a preliminary determination of the voluntariness of a confession offered by the prosecution, excluded it only if under no circumstances could the confession be deemed voluntary, but left to the jury the ultimate determination of its voluntary character as well as its truthfulness if the evidence presented a fair question as to its voluntariness. The court overruled *Stein v. New York,* 346 U.S. 156 (1953), and held that the New York (and Pennsylvania[2]) procedure violated the due process clause of the Fourteenth Amendment. Thereafter, on March 15, 1965, to make Pennsylvania procedure conform to constitutional process, our Supreme Court promulgated Pa. R. Crim. P. 323. That rule provides for a pretrial determination of the issue of voluntariness to be heard out of the jury's presence as was done in this case.

In *Commonwealth v. Heckathorn,* 429 Pa. 534, 241 A. 2d 97 (1968), Chief Justice BELL summarized the requirements of *Jackson v. Denno* and Rule 323 as follows: "(1) [T]here must be an independent pretrial or evidentiary hearing on the *voluntariness* of an alleged confession, and (2) . . . if such an evidentiary hearing is held and it is determined by the court that the alleged confession was voluntary, the voluntariness of the confession must subsequently be considered and determined by the jury . . . at the actual trial. Pa. R. Crim. P. 323(e) . . . provides: 'If the court finds the confession to be admissible, the defendant may not again raise the issue of admissibility at trial except upon a showing of evidence which was not available at the hearing, but he may offer evidence at trial on the issue of whether the confession was made voluntarily.'" Id. at 544, 241 A. 2d at 103.[3]

---

[2] See *Commonwealth v. Senk,* 412 Pa. 184, 194, 194 A. 2d 221, 226 (1963), vacated and remanded sub nom. *Senk v. Pennsylvania,* 378 U.S. 562 (1964).

[3] See also Laub, Pennsylvania Trial Guide §581 (Supp. 1967).

Justice O'BRIEN, however, concurring in the result in *Commonwealth v. Heckathorn, supra,* noted that the procedure required by Pa. R. Crim. P. 323, that after a preliminary determination of voluntariness the question be again submitted to the jury, is not mandated by *Jackson v. Denno.* "Although *Jackson* required an independent pretrial evidentiary hearing, it left a choice as to the procedure to be followed thereafter. Either the orthodox (Wigmore) rule or the humane (Massachusetts) rule is permissible. Under the orthodox rule, the judge himself solely and finally determines the voluntariness of the confession, *Jackson, supra,* at page 378, and the jury considers voluntariness only as it affects the weight or credibility of the confession. Under the humane rule, if the judge finds the confession voluntary, the jury is then instructed that it must also find that the confession was voluntary before it may consider it. *Jackson, supra,* at page 417. Pennsylvania now follows the humane rule, as the comment to Rule 323 makes clear: 'While the Rule requires an advance determination by the court of the admissibility of a confession as an item of evidence at trial, if the court decides that the confession is admissible, the Rule does not change the present Pennsylvania law under which *the issues of both voluntariness and credibility of a confession are submitted to the jury* under appropriate instructions for determination of guilt.' " *Heckathorn* at 545-46, 241 A. 2d at 103 (concurring opinion).[4]

Although *Commonwealth v. Heckathorn, supra,* held that Pa. R. Crim. P. 323 entitled a defendant to have the issue of voluntariness of his confession de-

---

[4] See *Commonwealth ex rel. Gaito v. Maroney,* 416 Pa. 199, 204 A. 2d 758 (1964) (following *Jackson* and seemingly adopting the Massachusetts rule before the promulgation of Pa. R. Crim. P. 323) ; *Commonwealth v. Pinno,* 211 Pa. Superior Ct. 434, 437 n.1, 236 A. 2d 569, 571 n.1 (1967) (dissenting opinion).

termined by the jury, that decision is not fully dispositive of the case now before us. In *Heckathorn,* the trial court apparently *refused* to submit the question of voluntariness to the jury. In the instant case, the judge *omitted* this issue from his charge and the defendant neither suggested a proper instruction nor requested a special exception to the charge. We must therefore determine whether the failure of the trial court to submit the issue of voluntariness to the jury was such a basic and fundamental error as to justify a reversal even though there was only a general exception to the charge.

We are not barred from considering fundamental errors in the conduct of a trial even though defense counsel may have failed to take an exception. *Commonwealth v. O'Brien,* 312 Pa. 543, 168 A. 244 (1933) ; *Commonwealth v. Truitt,* 369 Pa. 72, 85, 85 A. 2d 425, 431 (1951) (concurring opinion). It has long been the law of this Commonwealth that "[a] man is not to be deprived of his liberty . . . because of the inadvertence of a trial judge or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial." *Commonwealth v. O'Brien,* supra at 546, 168 A. at 245.[5]

---

[5] This principle has been followed in numerous cases in both the Supreme and Superior Courts. See, e.g., *Commonwealth v. Stowers,* 363 Pa. 435, 70 A. 2d 226 (1950) ; *Commonwealth v. Robinson,* 317 Pa. 321, 323, 176 A. 908, 909 (1935) ; *Commonwealth v. Wiand,* 151 Pa. Superior Ct. 444, 448, 30 A. 2d 635, 637 (1943) (failure to object to admissibility of confessions; general exception only taken) ; *Commonwealth v. Bird,* 152 Pa. Superior Ct. 648, 651, 33 A. 2d 531, 532-33 (1943) ; *Commonwealth v. O'Toole,* 159 Pa. Superior Ct. 592, 596, 49 A. 2d 267, 268 (1946) (judge commented on failure of accused to take stand; no exception taken) ; *Commonwealth v. Zeger,* 200 Pa. Superior Ct. 92, 98, 186 A. 2d 922, 925 (1962) (inaccurate review of testimony in charge; no exception taken).

The rationale most often advanced for adoption of the "Massachusetts" or "humane" rule is based on the constitutional right to trial by jury. Although the trial judge finds a statement voluntary at a suppression hearing and therefore admissible at trial, and the defendant may not challenge its admission into evidence, once admitted he may oppose the confession before the fact-finding body on the ground that its substance should not be accepted because it was not made voluntarily. The determination of voluntariness usually involves issues of fact which traditionally belong to the jury. By requiring the jury to pass on the issue of voluntariness, Pa. R. Crim. P. 323 preserves to the defendant his right to a jury trial on this critical issue. Pa. Const. art I, §9. See *United States v. Inman*, 352 F. 2d 954, 956 (4th Cir. 1965) ; *State v. Ross*, 183 Neb. 1, 157 N.W. 2d 860, 864 (1968) ; *People v. Huntley*, 15 N.Y. 2d 72, 255 N.Y.S. 2d 838, 204 N.E. 2d 179 (1965) ; *State v. Brewton*, 238 Or. 590, 395 P. 2d 874 (1964). To employ the "orthodox" method, leaving to the jury only the question of weight and credibility, would in our opinion deprive the defendant of a jury trial on one of the most fundamental questions of the case—voluntariness of his self-incrimination.

Our Supreme Court has required that the final appraisal and resolution of the voluntariness of a confession be left to the jury. This endorsement of the Massachusetts rule "avoids grave questions of constitutional law, such as whether the entitlement to a jury trial does not compel jury determination of the validity of a confession." *United States v. Inman*, 352 F. 2d 954, 956 (4th Cir. 1965). The failure of the court below to instruct on this material issue when it was raised by the defendant's evidence constituted a withdrawal of an issue vital to due process from the

consideration of the jury. *United States v. Inman,* supra; *State v. Ross,* supra; accord, *Mullins v. United States,* 382 F. 2d 258 (4th Cir. 1967). We therefore hold that the trial judge was bound to give proper instructions on the issue of voluntariness even though no specific exception was taken by the defendant and that failure to do so was basic and fundamental error. See *Stevenson v. Boles,* 331 F. 2d 939 (4th Cir.), aff'd per curiam, 379 U.S. 43 (1964) ; *Kinder v. Boles,* 253 F. Supp. 817 (N.D. W.Va. 1966).

For these reasons, the judgments of the court below are reversed and a new trial granted.

WRIGHT, P. J., would affirm on the opinion of Judge BLOOM.