Commonwealth *v.* White, Appellant.

Submitted March 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Miles Warner,* for appellant.

*Henry J. Rutherford,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

*Theodore Voorhees,* and *Dechert, Price & Rhoads,* for amicus curiae.

OPINION PER CURIAM, April 23, 1969:

On June 14, 1960, Harry B. White was convicted by a jury in Lancaster County of murder in the first degree and punishment was fixed at life imprisonment. No post-trial motions were filed, and judgment of sentence was imposed in accordance with the jury's verdict. Throughout these proceedings, White was represented by self-retained counsel. No appeal was entered from the judgment.

In October 1964, White instituted an action in habeas corpus which was dismissed by the trial court. In these proceedings, White was represented by court-appointed counsel. On appeal we affirmed, 419 Pa. 244, 213 A. 2d 662 (1965).

In September 1966, White instituted proceedings seeking post-conviction relief. The court below dismissed these proceedings without hearing, and an appeal from that order is now before us.

The only contention requiring discussion in the present proceedings is that White was unconstitutionally denied his right to appeal from the judgment of sentence imposed in 1960 in violation of *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). This contention was raised for the first time in the present action and was not asserted in the 1964 habeas corpus proceedings in which White was represented by counsel. Under such circumstances, this claim has been waived. See *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968), and §4, Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-4.

Order affirmed.