## Commonwealth *v.* Sprangle, Appellant.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 18, 1971:

On September 10, 1964, appellant was convicted by a jury of voluntary manslaughter and sentenced to five to twelve years imprisonment. No appeal was taken. Subsequently appellant, acting as his own counsel, filed a habeas corpus petition which was dismissed without a hearing. The order of dismissal was affirmed by this Court. *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A. 2d 236 (1967).

In 1968 the appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., alleging several grounds for relief. Following an evidentiary hearing at which appellant was represented by counsel, the petition was dismissed. This appeal followed.

Appellant asserts that he has suffered three constitutional deprivations, to wit: (1) that there was introduced into evidence at trial a statement given under circumstances violating the rule of *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977 (1964); (2) that his trial counsel had been ineffective; and (3) that he had been denied his right to appeal.

We consider only the last issue because we are constrained to disagree with the finding of the hearing judge that appellant had not been denied his right to counsel on appeal. The trial record being silent on this point, the burden in the post-conviction proceeding was upon the Commonwealth to establish that the appellant knew both of his right to appeal and of his right, if indigent, to be represented by counsel free of charge to him. *Commonwealth v. Freeman,* 438 Pa. 1, 5, 263 A. 2d 403 (1970), *Commonwealth v. Ezell,* 431 Pa. 101,

103, 244 A. 2d 646 (1968), *Commonwealth v. Wilson,* 430 Pa. 1, 3, 241 A. 2d 760 (1968). Appellant's court-appointed trial counsel testified at the PCHA hearing that both he and the trial judge had informed appellant of his right to appeal. Counsel also testified, however, that he had told appellant that he personally would not prosecute an appeal on appellant's behalf. There is no testimony of record to prove that appellant was ever informed of his right, if indigent, to free counsel on appeal. On this record the Commonwealth has not carried its burden of proof; therefore appellant is entitled, with the assistance of free counsel, to file post-trial motions as though timely filed.

Accordingly, the order of the lower court is vacated and the record remanded for further proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the decision of this case.