Commonwealth *v.* Ligon, Appellant.

Argued November 9, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused February 13, 1974.

456

*Joseph Michael Smith,* with him *F. Emmett Fitzpatrick, Jr.,* and *Fitzpatrick & Smith,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, September 19, 1973:

In 1953, appellant pled guilty to murder generally to two separate bills of indictment charging murder and, after a court en banc made a finding of first degree in both cases, he was sentenced to two concurrent life terms. No direct appeal was taken from the judgments of sentence.

In June, 1968, appellant first challenged his sentences in a pro se Post Conviction Hearing Act[1] petition alleging: (a) the denial of appellate rights; (b) the use of a coerced confession; (c) the denial of the right of counsel at pre-trial and post-trial proceedings; (d) abridgement of a retroactive right; and (e) a plea of guilty unlawfully induced. The voluntary defender was appointed to represent the appellant and, after a counseled hearing in which appellant, through his counsel, restricted his attack to the assertion that the guilty plea had been improperly induced by a coerced confession, the hearing judge dismissed the petition from the bench. Subsequently, appellant requested and was

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (1973-74 Supplement).

granted the right to file an Amended Post-Conviction Petition and a supplemental brief. The amended petition incorporated the original claims and added an allegation of the use of a co-defendant's confession in violation of *Bruton v. United States,* 391 U.S. 123 (1968). Although the hearing judge had been moved to vacate the original order of dismissal based on the appellant's representation that he wished a resolution of the *Bruton* issue, appellant waived the opportunity for further testimony and in the supplemental brief merely reiterated the original claims which had been pursued during the hearing, completely ignoring the alleged *Bruton* violation. After consideration of the brief, the court reimposed its original order dismissing the petition and also dismissed the amended petition. We affirmed the action of the hearing court in *Commonwealth v. Ligon,* 443 Pa. 562, 279 A. 2d 150 (1971).

Appellant thereafter filed a petition in the U. S. District Court for the Eastern District of Pennsylvania seeking habeas corpus relief alleging: (a) the plea of guilty was unlawfully induced; (b) the introduction of coerced confession into evidence and the ineffective assistance of counsel; and (c) the obstruction by state officials of his right to appeal. The District Court, approving the report and recommendation of the U. S. Magistrate, denied appellant's first two grounds on the merits without a hearing, and denied his alleged denial of appellate rights under *Douglas v. California,* 372 U.S. 353 (1963), without prejudice. However, the Court provided that he was to be allowed to resubmit the latter ground in the event that he had not received a state hearing on that issue within 60 days. Within the sixty-day period a second hearing was held in the State Court at which time the Court made a finding that the *Douglas* claim had been waived. We now affirm.

Where the record at trial is silent, the Commonwealth has the burden of establishing that a defendant knew both of his right to appeal and of his right if indigent to be represented by free counsel. *Commonwealth v. Sprangle,* 442 Pa. 271, 275 A. 2d 114 (1971) ; *Commonwealth v. Littlejohn,* 433 Pa. 336, 250 A. 2d 811 (1969) ; *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968). The record of the initial guilty plea fails to provide any indication that the appellant was so advised and the Commonwealth failed to produce any other evidence to establish an intelligent and knowing waiver. If the record in this case ended at that point it is clear that the appellant must prevail on this issue. However, when appellant first sought relief under the P.C.H.A. in a pro se petition, he first raised the issue of the *Douglas* denial and conclusively established that at that point he was aware of the claim and the redress it would afford if successfully pursued. At the hearing upon the petition appellant, through his counsel, failed to assert this ground and was content to rely upon other claims for the relief he sought.

"[S]ection 4 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, 19 P.S. §1180-4(b) establishes a presumption that the failure to raise an issue at some prior available time is a knowing and understanding failure sufficient to constitute a waiver." *Commonwealth v. Zaffina,* 432 Pa. 435, 441, 248 A. 2d 5 (1968). This presumption is properly applied when petitioner was represented at the prior proceeding by counsel as was the case here. *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968). See also, *Commonwealth v. White,* 434 Pa. 69, 252 A. 2d 696 (1969) ; *Commonwealth v. Adams,* 212 Pa. Superior Ct. 150, 153, 239 A. 2d 851 (1968).

Not only has the appellant failed to offer any convincing testimony to rebut the presumption, the record also tends to bolster that presumption. We have noted

that where a petition for post-conviction relief contains an assertion of a *Douglas* right denial, the hearing court should first determine that issue before proceeding to a consideration of the other claims raised. In the event the determination is favorable to the petitioner the proceedings should be terminated and the petitioner granted the right to file post-trial motions nunc pro tunc. *Commonwealth v. Bricker*, 444 Pa. 476, 282 A. 2d 31 (1971); *Commonwealth v. Lowery*, 438 Pa. 89, 263 A. 2d 332 (1970). Here, where concededly the appellant could have prevailed if he had pressed his motion in the original hearing, it is obvious that he had raised all of the issues that he, at that time, chose to rely upon and was concerned with a determination of the merits of those issues rather than receiving the dubious procedural advantage of proceeding on a motion for a new trial. Our view is further supported by his failure to reassert the *Douglas* claim when the Court vacated the initial denial of the petition and allowed the opportunity for further argument. Equally as significant is the appellant's failure to raise in the initial petition or the amendment any contention that was barred because of the collateral nature of the procedure. Nor was there any allegation of prejudice resulting from being denied an opportunity for direct appeal.

We are thus satisfied that the appellant knowingly and intelligently determined to abandon his *Douglas* right claim and proceed to the merits of his substantive claims for relief and he cannot now be heard to complain.

In the second collateral State proceeding, the hearing judge, acting from an abundance of caution and in all probability motivated by the laudible but overly optimistic belief that he could forestall future litigation in this matter and introduce a degree of finality in criminal proceedings, allowed appellant to raise and litigate all of those issues he would raise if he were

proceeding on a motion for a new trial.[2] While we do not share the hearing judge's optimism and would be content to rely upon our holding that appellant has waived his appellate rights we have studied these contentions and agree that they are without merit.[3]

Appellant first argues that where the evidence is so overwhelming that the crime amounts to murder in the first degree we should not allow the entry of a plea to the charge of murder generally. Under such circumstances he would suggest that we adopt a per se rule that such a plea is involuntary. While this argument may be novel it is lacking in substance and legal precedent. Further, it is nothing more than another theory attacking the validity of the guilty plea which has been previously litigated. A litigated claim is not given new life because of the invention of another theory to support that claim. See, *Commonwealth v. Orr*, 450 Pa. 632, 301 A. 2d 608 (1973); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A. 2d 920 (1972).

Next, appellant asserts that the record does not establish that either counsel or appellant was present at the degree of guilt hearing or at sentencing. We disagree. The record reveals that Paul F. Barnes, Esq. and Walter E. Knecht, Esq. were present at the degree of guilt hearing as counsel for Joseph Ligon. Moreover, Mr. Knecht presented evidence and interrogated witnesses on appellant's behalf throughout the hearing.

The sentencing hearing was not transcribed and the record contains only two paragraphs at the conclusion

---

[2] At this point, appellant had new counsel and for the first time raised issues they contended they would not have been permitted to raise in a collateral proceeding.

[3] The addition to the new arguments, appellant attempted to litigate the issues raised in the original petition and in the Federal habeas corpus proceeding. We need not discuss issues which were decided in the original hearing and affirmed on appeal because those issues have been finally litigated. See Section 4(a)(3) P.C.H.A., *supra*, 19 P.S. §1180-4(a)(3).

of the notes of testimony of the degree of guilt hearing setting forth the date of the sentencing (December 18, 1953) and the sentences imposed. Although, the record does not dispute appellant's claim, serious doubt is cast on his recollection by his failure to recall his representation by *two* lawyers during an extensive degree of guilt hearing.

Moreover, appellant received the most lenient sentence allowed under the law for the offenses for which he had been convicted. Under these circumstances if his recollection is correct we can see no prejudice since under an adjudication of guilt of murder in the first degree under two separate indictments the minimum sentence that can be imposed is two life sentences to run concurrently which is the sentence he received under the bills that form the basis of this appeal.

Finally, appellant argues that the Commonwealth should not be permitted to proceed under a theory of felony murder on a plea of guilt to murder generally without an indictment charging the enumerated felony. Appellant has offered no precedent to support this argument nor have we been impressed with any reason in law or logic to embrace it.[4]

The order of the court below is affirmed.

---

[4] The appellant again attempted to raise the *Bruton* issue which was clearly waived when appellant was specifically provided an opportunity to raise this issue and declined. P.C.H.A., *supra*, §3, 19 P.S. §1180-3. See p. 457, supra.