Commonwealth *v.* Bowen, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Larry S. Keiser,* and *Becker, Fryman & Evans,* for appellant.

*John H. Isom* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 24, 1974:

On January 15, 1946, the appellant, Joseph Bowen, while represented by two self-retained counsel, pled guilty generally to three separate indictments, each charging him with murder. The victims were his wife

and his two young children.[1]  After an evidentiary hearing before a three-judge court, Bowen was found guilty of murder in the first degree on each indictment.  A sentence of life imprisonment was then imposed on one indictment, and sentence was suspended on the other two indictments.  No appeal was entered.

On September 5, 1968, Bowen filed a pro se petition seeking post-conviction relief under the Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. Counsel was appointed to represent him in the proceedings and, after a counseled evidentiary hearing, relief was denied.  This appeal is from that order.[2]

In his PCHA petition, Bowen alleged, inter alia: (1) he did not knowingly and intelligently waive his right to appeal from the 1946 judgment; and (2) his pleas of guilty were invalid because they were motivated by the existence of a coerced confession.  At the hearing on the petition, Bowen's counsel restricted his attack to the contention that the guilty pleas were improperly induced.  No mention was made of the denial of appellate rights or the other reasons asserted in the petition for post-conviction relief.  Under the circumstances, the only issue now before this Court is whether or not the court below erred in ruling Bowen's guilty pleas were not improperly induced.  Bowen is precluded from now asserting a denial of his *Douglas* rights.  See *Commonwealth v. Ligon,* 454 Pa. 455, 314 A. 2d 227 (1973).

At the hearing Bowen testified he confessed to the police on the morning after the killings while he was in the hospital in a state of shock as a result of his bullet wounds and the administration of narcotic drugs.

---

[1] After fatally shooting the members of his family, Bowen turned the gun on himself.

[2] The order denying post-conviction relief was entered on July 30, 1969.  A petition requesting permission to appeal therefrom "nunc pro tunc" was granted by the trial court on June 12, 1973. This appeal was filed on June 27.

154

However, one of Bowen's trial lawyers testified he talked at length with his client in the hospital on the same morning and that Bowen was alert and his wounds were superficial. He further testified that the evidence against Bowen, aside from the confession, was strong and included a dying declaration from the victim-wife and an incriminating admission made by Bowen to neighbors immediately after the killings. He also stated that after carefully considering all of the evidence in the hands of the Commonwealth and consulting with Bowen on several occasions, it was decided to plead guilty in the hope of saving Bowen from the imposition of the death penalty. On this record, we cannot say the court below committed error in finding Bowen's confession was not coerced and his guilty pleas were purely a matter of trial strategy. Cf. *Commonwealth v. Dennis*, 451 Pa. 340, 304 A. 2d 111 (1973), and *Commonwealth v. Taylor*, 449 Pa. 345, 296 A. 2d 823 (1972).

Order affirmed.

Mr. Justice ROBERTS concurs in the result.