## Commonwealth *v.* Armor, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

530

*John E. Good, Jr.,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from a judgment of sentence for receiving stolen goods. The only issue is whether the court below erred in admitting into evidence a portion of a signed inculpatory statement given by appellant to the police. Appellant contends that the statement was involuntary because he was "high" on narcotics when he confessed.

Rule 323(b) of the Pennsylvania Rules of Criminal Procedure provides in pertinent part: "If timely application [to suppress evidence] is not made . . . , the issue of admissibility of such evidence shall be deemed to be waived." Appellant did not file a motion to suppress and does not contend that the instant case comes within the limited exceptions to this rule. The issue of the statement's admissibility has, therefore, been waived.

This waiver, however, did not prevent appellant from attacking the voluntariness of his confession at trial. Under Pennsylvania procedure, a defendant may move, pretrial, to have a confession suppressed on

grounds of involuntariness; and, failing that, have the issue submitted to the jury at trial. *Commonwealth v. Heckathorn*, 429 Pa. 534, 241 A. 2d 97 (1968). The trial judge in the instant case properly charged the jury to completely disregard the confession if it found, on the evidence presented, that the statement was involuntarily made. See *Commonwealth v. McLean*, 213 Pa. Superior Ct. 297, 247 A. 2d 640 (1968).

By its verdict, it is clear that the jury found the confession was knowingly and voluntarily made. Although the police officers stated that appellant appeared to be high at the time of his arrest, they also testified that when the statement was given, he was completely lucid. Moreover, his answers to police questions were detailed and coherent. On this record, we cannot say, as a matter of law, that the jury's finding was without adequate support. *Commonwealth v. Moore*, 454 Pa. 337, 311 A. 2d 620 (1973); see *Commonwealth v. Bowen*, 455 Pa. 152, 314 A. 2d 24 (1974).

Judgment of sentence affirmed.