388 A.2d 705

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Reginald CULMER, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted April 10, 1978.

Decided July 14, 1978.

Taras M. Wochok, Media, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Reginald Culmer, was tried and convicted in a nonjury trial of murder in the second degree, and of viola-

380

tion of the Uniform Firearms Act, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 et seq., 18 C.P.S.A. 6101 et seq. Post-verdict motions were filed and dismissed and, on appeal, we affirmed the judgment of sentence. *Commonwealth v. Culmer,* 463 Pa. 189, 344 A.2d 487 (1975).

Appellant filed a petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978). In this petition, appellant alleged that his rights had been violated by the trial court's denial of a requested continuance and by his trial counsel's failure to assert a violation of Pa.R.Cr.P. 130 in support of his pretrial motion to suppress certain statements obtained from appellant by the police following his arrest. Post-conviction relief was denied after a hearing at which appellant was represented by counsel other than trial counsel. This appeal is from that denial of post-conviction relief.

Initially, appellant argues that he was denied due process of law by the trial court's refusal to grant a requested continuance on the date appellant's trial was scheduled to commence. The continuance request was made so that appellant could secure the services of a privately retained attorney to replace the court appointed counsel who had represented him to that time. Following the trial court's denial, appellant proceeded to trial represented by court appointed counsel. New counsel (apparently privately retained) represented appellant on post-verdict motions, but on direct appeal from the judgment of sentence appellant was again represented by the same court appointed counsel who represented him at trial.

Appellant's contention that the trial court's refusal to grant a continuance improperly infringed upon his right to retain counsel of his own choice has been waived because not raised in post-verdict motions. *Commonwealth v. Ligon,* 454 Pa. 455, 314 A.2d 227 (1973). No claim of ineffectiveness of counsel is raised as to the post-verdict stage of the

proceedings. *See, e. g., Commonwealth v. Musser,* 463 Pa. 85, 343 A.2d 354 (1975). Consequently, appellant's attempt to obtain post-conviction relief on this ground is precluded by Sections 3 and 4 of the Post Conviction Hearing Act, 19 P.S. § 1180–3, 1180–4.

Appellant also asserts that he was denied the effective assistance of counsel because of his trial counsel's failure to allege, in this pre-trial suppression motion, that appellant's statement to police and his identification of the alleged murder weapon were the products of an unnecessary delay between the time of his arrest and his first inculpatory statement. We have examined this issue and find it to be without merit.

Judgment of sentence is affirmed.

ROBERTS, J., filed a concurring opinion in which EAGEN, C. J., and O'BRIEN, J., joined.

ROBERTS, Justice, concurring.

Appellant contends that the trial court's refusal to grant a continuance improperly infringed his right to retain counsel of his choice. The majority correctly concludes that this contention is precluded from post-conviction review because it was not raised in post-verdict motions and appellant does not allege ineffectiveness of post-verdict counsel. See Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), §§ 3 and 4, 19 P.S. §§ 1180–3, 1180–4 (Supp.1977).

Appellant's second contention is in the same posture and the majority, therefore, errs in reaching the merits of appellant's allegation that he was denied effective assistance of counsel because of his trial counsel's failure to allege that appellant's statement to police and his identification of the alleged murder weapon should be suppressed as products of unnecessary delay. I would find this second contention waived because it was not timely raised and appellant has not alleged any extraordinary circumstances for the failure to raise it. See 19 P.S. §§ 1180–3, 1180–4.

The law is clear that allegations of ineffectiveness of prior counsel must be raised at the earliest stage in the proceed-

ings at which counsel whose ineffectiveness is being challenged no longer represents the appellant. *Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). The record shows that although appellant had new counsel on post-verdict motions, he did not raise the issue at that time. As indicated, appellant does not assert that post-verdict counsel was ineffective. Accordingly, the issue of trial counsel's ineffectiveness is not properly preserved for review. *Commonwealth v. Seachrist,* supra.

I therefore agree that post-conviction relief is properly denied since the two issues raised in this appeal are not properly preserved for review.

EAGEN, C. J., and O'BRIEN, J., join in this concurring opinion.