## Commonwealth v. Carter

*Joseph DeVanney*, assistant district attorney, for the Commonwealth.

*Andrew S. Wade*, for defendant.

GAWTHROP, III, *J.*, October 15, 1980—The issue in this case is whether or not this court should exercise its discretion by granting a continuance for a limited period of time for a case which is listed for the first time, that being for October 21, 1980.

Andrew S. Wade, Esq., represents this defendant and has forthrightly and candidly averred in his motion for continuance, in paragraph four, "the defendant does not expect to be able to proceed to trial on the trial date indicated above due to the defendant's difficulty in raising funds to pay his attorney. Defendant needs more time to arrange for his payment of attorney's fees."

Hence the issue becomes one of whether we should, absent objection by the Commonwealth or prejudice thereto, grant a continuance for a limited period of time for the sole purpose of allowing a defendant to come up with enough money to pay for his lawyer before the trial date.

We see two competing interests here. On the one hand, this court is cognizant of various rules of procedure which are set forth with respect to continuances in Rule 301, Pa.R.Crim.P. 301(a), which states: "the Court may, in the interests of justice, grant a continuance of its own motion or on the motion of either party. The Court shall, on the record, identify the moving party and state of record the

Court's reasons justifying the granting or denial of the continuance."

We proceed in that vein, following that rule. We deem in pari materia Pa.R.C.P. 216, setting forth the grounds for continuance, these being such items as, in the civil context, agreement of all parties or their attorneys, if approved by the court, illness of counsel and material witness or a party, inability to subpoena, et cetera, various facts set forth as to what the record need to be made thereon.

So also we are familiar with Chester County Rule 216(f), pertaining to prior commitments of counsel, which says, basically, that unless a lawyer is either actually on trial in another court or is arguing before the Supreme, Superior or Commonwealth courts, or a federal appellate court, his prior commitment does not provide proper basis for a continuance.

We believe here that although it is certainly preferable that a defense lawyer, when he enters his appearance, should be ready and available for trial, and financially reimbursed so that the trial need not be delayed, we also recognize that defendant has a certain right to select in the private sector, as opposed to the public sector/public defender context,[1] a lawyer of his own choosing.[2]

We also recognize the economic difficulty present under any situation when one has to hire a lawyer,

---

1. A defendant entitled to free counsel is not [necessarily] entitled to counsel of his own choice. See: Com. v. Shaffer, 475 Pa. 256, 380 A.2d 341 (1979); Com. v. Johnson, 428 Pa. 210, 236 A.2d 805 (1968).

2. Where defendant is able to retain counsel of his own choice, he must be given a reasonable opportunity to do so, but defendant must exercise with diligence his right to retain private counsel. Com. v. Merritt, 227 Pa. Super. 257, 323 A.2d 211 (1974); Com. v. Kennedy, 451 Pa. 483, 305 A.2d 890 (1973); Com. v. Smith, 227 Pa. Super. 355, 324 A.2d 483 (1974).

and particularly, perhaps, in these somewhat difficult economic times.

We further, from a policy standpoint, are receptive to the idea of clients hiring lawyers in the private sector, rather than from the bureaucratic stable of public defenders, which stable is, of course, paid for by the taxpayers though in so stating we specifically note that we bear the public defender's office no animus. They have an important job to do under both the Public Defender Act[3] and Gideon v. Wainwright,[4] Argersinger v. Hamlin,[5] and their progeny.

Nevertheless, this defendant has elected to hire a private lawyer, and we think that, under the circumstances, a continuance until the next available time is a proper exercise of our discretion and, further, in the interest of justice with giving him his Sixth Amendment,[6] right to have the counsel of his choosing.

In so signing the order, we note that Mr. Ruslander, who is the actual attorney assigned to this case, has not been here, through no fault of the Commonwealth, and there has really been no suggestion of prejudice to the Commonwealth. We certainly afford the Commonwealth the opportunity until the end of this work day to apprise us of any prejudice which they might be suffering from this continuance, such as, for example, an ailing witness, a going witness, et cetera, and if there be such, we would be inclined to, at the very least, re-

---

3. Act of December 2, 1968, P.L. 1144, No. 358, §1, 16 P.S. §9960.1 et seq.

4. 372 U.S. 335.

5. 407 U.S. 25, 92 S.Ct. 2006, 3 L.Ed.2d (1972).

6. U.S. Const., Amendment VI: "In all criminal proceedings, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

consider our continuance order, but absent that, this order shall become final with respect to the continuance.