## Commonwealth v. Sutton

*S. Lee Ruslander, II,* assistant district attorney, for the Commonwealth.
*Marsha A. McClellan,* for defendant.

GAWTHROP, III, *J.,* January 29, 1982—We have before us a motion to withdraw as counsel filed by the Public Defender of Chester County, which asserts that the public defender should be permitted to withdraw his appearance because "Mr. Sutton has clearly stated that he no longer wishes representation by counsel from this office or the Public Defender's Office." Appended to the Motion is indeed a letter purporting to be from the defendant, Mr. Sutton, stating that as for the lawyer in question, her *"services are no-longer* (sic) *required.* Would you please have her forward to me, at once, my trial transcripts and all other pertinent materials concerning my legal actions." (Emphasis in original.)

The case was called before the court, but defendant failed to appear, since he proved recalcitrant to the entreaties of the sheriff to leave the lock-up cell in the courthouse and repair to the courtroom of the undersigned; and indeed, to demonstrate the fullness of his resistance, defendant, we are apprised, removed all his clothing, for much of the day. In any

event, the public defender told the court that defendant has vilified his lawyer from that office and has been singularly uncooperative. The question is, does such vilification and the expression of desire to terminate the public defender's representation give proper basis for allowing the public defender to withdraw from the case.

Upon due deliberation, we conclude not. The public defender serves an important function, and under the "Public Defender Act," the Act of December 2, 1968, P.L. 1144 no. 358, §1 et seq., (16 P.S. §9960.1, et seq.), that office breathes life into the constitutional pronouncements of Gideon v. Wainwright, 372 U.S. 335 (1963), (indigent felony defendant has right to free counsel), and Argersinger v. Hamlin (defendant facing possibility of jail entitled to free counsel) 407 U.S. 25 (1972). The legislature has apparently determined that the most efficient way for the taxpayers to fund this mandated function is apparently through one law firm with a salaried staff, rather than by hiring out individual free-lancing lawyers, as it were, on a per hour or per case basis. The purpose of this, of course, is to insure that the indigent criminal defendant's right to counsel is fulfilled.

We observe, however, that "[t]he right to counsel . . . is not unqualified. For example, an appellant entitled to free counsel is not necessarily entitled to counsel of his own choice." Com. v. Shaffer, 475 Pa. 256, 380 A.2d 341, 343 (1977); Com. v. Johnson, 428 Pa. 210, 236 A.2d 805 (1968).

In Johnson, a unanimous[1] Supreme Court, speaking through Mr. Justice Roberts, observed:

So also has it been firmly held that an indigent, while entitled to free counsel, is not entitled to free

---

1. Mr. Justice Cohen did not participate.

counsel of his choice. United States v. Burkeen, 355 F.2d 241, 245 (6th Cir.), cert. denied sub nom., Matlock v. United States, 384 U.S. 957, 86 S. Ct. 1582 (1966) ("[defendant's] right to counsel does not carry with it the right to select a particular lawyer as his court-appointed attorney. [citing cases]"); United States v. Davis, 365 F.2d 251 (6th Cir. 1966); cf. Commonwealth v. Hart, 403 Pa. 652, 662, 170 A.2d 850, 856, cert. denied, 368 U.S. 881, 82 S. Ct. 130 (1961). It is true that in Davis mention was made of the right to reject court-appointed counsel "for good cause shown." But this requirement, if it is to have any realistic meaning, cannot be satisfied by a broad based attack on our entire defender system, such as made by appellant in the present case. [Footnote 2: the record below does indicate certain specific grievances leveled at one particular voluntary defender who had previously visited appellant in prison, and who, according to Johnson, was unable to remember appellant's name, or problem, even after five such visits. However, this defender is not the same individual appointed by Judge HAGAN for the present hearing. Certainly the "good cause shown" test in Davis does not contemplate guilt by association.]

At bar, the only grievances leveled at the particular defender in question were her refusal to represent him as a civil plaintiff concerning an incident allegedly happening to his girlfriend while seeking to visit him in prison, and certain unwarranted aspersions of his lawyer's pulchritude.

As to the first grievance, it is baseless, such civil suits falling beyond the purview of the public defender's purpose (see: 16 P.S. §9960.6); and as to the second grievance, not only is it baseless in fact, but it is, of course, preposterous to suggest that in

addition to the other perquisites of being a criminal defendant, one is entitled to counsel that is comely.[2]

In short, we reach two conclusions: this defendant had no right to pick and choose a particular free[3] lawyer, but neither does the Public Defender's Office, under its enabling Act, have the right to disengage from the representation of defendant simply because that defendant happens to be an unruly or distasteful client. Neither Gideon nor the Sixth Amendment makes an exception for the obnoxious. When one hires one to that office, one assumes the risk that not all of one's clients will be cherubic choirboys. This county annually spends over a half-million dollars to staff its public defender's office, replete with at least 15 lawyers, and it cannot afford the luxury of specially hiring yet another lawyer to placate the whims of a finicky defendant nor, for that matter, to alleviate the displeasures inherent in publicly defending the ungenteel. That occasionally onerous burden goes with the territory.

---

2. Even Petruchio noted the irrelevance of that consideration:
For 'tis the mind that makes the body rich . . .
What is the jay more precious than the lark
Because his feathers are more beautiful?
Or is the adder better than the eel
Because his painted skin contents the eye?
Shakespeare: The Taming of the Shrew, Act IV, Scene III.

3. Where defendant can afford to retain counsel of his own choice, he must be given a reasonable opportunity to do so, but the defendant must exercise with diligence his right to retain private counsel. Com. v. Merritt, 227 Pa. Super. 257, 323 A.2d 211 (1974); Com. v. Kennedy, 451 Pa. 483, 305 A.2d 890 (1973); Com. v. Smith, 227 Pa. Super. 355, 324 A.2d 483 (1974), Com. v. Carter, 29 Chester 34 (1980).

For the foregoing reasons, we make the following

## ORDER

The public defender's motion to withdraw as counsel shall be and hereby is denied.[4]

---

4. We are, of course, aware that one has the right to waive counsel and proceed pro se, and that the government may not force a lawyer upon him even when he insists that he wants to conduct his own defense. Faretta v. California, 422 U.S. 806 (1975). However, that waiver of counsel must be made knowingly and intelligently so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Faretta, supra, at 835. See also: Com. v. Shaffer, supra, at 380 A.2d 343-46 (Roberts, J., dissenting). Under all the circumstances, we were disinclined to bring the defendant up to court in order to conduct a proper colloquy. "The right of self-representation is not a license to abuse the dignity of the courtroom." Faretta, supra, at fn. 46. We do not equate his waiver of clothing to a knowing and intelligent waiver of counsel.