Commonwealth *v.* Strada, Appellant.

Argued April 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Thomas D. McBride*, with him *Vincent C. Veldorale*, for appellant.

*Bernard E. DiJoseph*, Assistant District Attorney, with him *Nicholas H. Larzelere*, Assistant District Attorney and *J. Stroud Weber*, District Attorney, for appellee.

OPINION BY HIRT, J., July 17, 1952:

This appellant, along with three co-defendants, was charged with burglary, larceny, and with conspiracy to commit the crimes. He was tried separately and was convicted and sentenced. In the light of proofs which un-equivocally charge him with active participation in the offenses, we decry the circumstances which make it necessary to grant a new trial in the name of due process. Appellant was arrested in Ardmore on September 17, 1951 with three girls, admittedly shoplifters, who subsequently pleaded guilty to the charges. The girls had stolen from the department store of Strawbridge and Clothier in Ardmore, merchandise which appellant received from one of them and locked in the rear of his car. They all had been under surveillance by the police and immediately after the girls rejoined him in his automobile they were placed under arrest.

After the return of the present indictments the cases were listed for trial during the first week of November 1951. On application of a Philadelphia lawyer, who associated himself with local counsel representing appellant, a continuance was granted by the court. Having secured a postponement of his trial to December 1951, appellant discharged the lawyers who then represented him. He subsequently employed Harry F. Hauser, Esq., of Montgomery County who in turn engaged Vincent C. Veldorale of the Philadelphia Bar as associate counsel. On the application of Hauser's firm on December 2, the District Attorney continued the trial of the case from the following Monday to Wednesday, December 5, 1951. On that date defendant appeared with his counsel. Leaving the defendant in the court room both lawyers went to the judge's chambers and there moved for a further continuance of the case on the ground that they had not had sufficient time to prepare appellant's defense. There was little merit in the application. The facts were neither intricate nor involved. Mr. Veldorale there stated that he had been engaged by Mr. Hauser's firm and conceded that his employment began "a week ago". The trial judge refused a further continuance, and thereupon both of defendant's counsel, in chambers moved for leave to "formally withdraw" from the case. Both motions were allowed *in the absence of the defendant and without giving him an opportunity to be heard.*

The judge, on calling the case for trial then offered to appoint competent counsel to defend appellant but the offer was refused. After he as defendant entered a plea of not guilty a jury was drawn and the trial proceeded against his will. He for the most part sat passively throughout the trial. He refused to challenge jurors or cross-examine witnesses; he did not take the stand nor offer any testimony in his behalf and he

did not argue his case to the jury. Throughout the trial he asserted "Mr. Hauser is my attorney" and the circumstances rather clearly suggest that although both counsel "formally" withdrew from the case there was no actual interruption in their representation of defendant. When the jury returned a verdict of guilty and the court informed appellant that he had four days in which to file a motion for a new trial, he stated in reply: "It is being taken care of" and within 15 minutes after the return of the verdict, *typewritten* motions for a new trial and in arrest of judgment, in extended form with grounds alleged, signed by both Hauser and Veldorale as appellant's attorneys, were presented to the court. Defendant's present counsel came into the case after the refusal of these motions.

Appellant is no novice in a quarter sessions court and while the suspicion persists that he was not unaware of his attorneys' intention to withdraw from the case if application for a continuance was refused, yet he must be given the benefit of the doubt since the motions were heard and disposed of in his absence.

There was no abuse of discretion in the refusal of a further continuance of the trial of the case. *Commonwealth v. Lockard,* 325 Pa. 56, 188 A. 755. The court however is chargeable with error in permitting trial counsel to withdraw, under the circumstances. A defendant's attorney should not be allowed to withdraw "in the absence of the client and without notice to him and without his having the opportunity of being heard in the matter": *Spector v. Greenstein,* 85 Pa. Superior Ct. 177. And the appellant in this instance was not obliged to accept the services of counsel, however competent, assigned to him by the court. He was entitled at his own cost and expense, to the services of counsel of his own choice. *Commonwealth v. Thompson,* 367 Pa. 102, 79 A. 2d 401; *Powell v. Alabama* 287 U. S. 45, 53 S. Ct. 55. A defendant may waive

the right but the circumstances are insufficient in this instance to charge appellant with a competent waiver of his right to the services of counsel chosen by him. Cf. *Glasser v. United States,* 315 U. S. 60, 62 S. Ct. 457. Without prejudice to the appellant in any respect, the trial judge could have controlled the situation by withholding his consent to the withdrawal of counsel. *Spector v. Greenstein,* supra. This should have been done.

"Due process of law" means a course of legal proceedings according to those rules and principles which have been established for the protection of private rights. *Commonwealth v. O'Keefe,* 298 Pa. 169, 148 A. 73. The right to be heard by counsel is a constitutional right which may not be denied. *Stewart v. Commonwealth,* 117 Pa. 378, 11 A. 370. Appellant, as the defendant on trial, was entitled to the assistance of his counsel and the court is chargeable with a denial of due process in permitting them to withdraw, without giving appellant the opportunity to be heard. Cf. *Thomas v. DeSabato,* 168 Pa. Superior Ct. 586, 80 A. 2d 862.

Judgment reversed with a venire.