GARLAND EVAN ELLIS V. STATE.

No. 26,810. March 3, 1954.

*J. B. Sallas,* Crockett, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving while intoxicated; the punishment, a fine of $100.

The prosecution was for an offense committed prior to the effective date of the amendment of Art. 802 P.C. by the 53rd Legislature, p. 480, Ch. 167, Sec. 1, which provides for a mandatory jail term and a fine. (Art. 802 V.A.P.C.)

The judgment was rendered September 9, 1953, and on the same day appellant gave notice of appeal and was released upon recognizance to abide the decision of this court.

Under the provisions of Art. 759 (a) V.A.C.C.P. the time for filing statement of facts expired 90 days after September 9, 1953, the date of giving notice of appeal. The statement of facts found in the record was not approved or agreed to within the 90 days allowed and cannot be considered. Hayton v. State, 158 Tex. Cr. Rep. 455, 256 S.W. 2d 853; Couch v. State, 158 Tex. Cr. Rep. 292, 255 S.W. 2d 223.

Nor can we consider the evidence heard on the motion for new trial for the additional reason that Art. 759 (a) Sec. 6, V.A.C.C.P., requires that the facts adduced in connection with any motion shall be filed with the clerk separately from the facts adduced bearing on the guilt or innocence of the defendant.

The motion for new trial was not filed in the trial court until September 11, 1953, which was after the appeal had been perfected. It is therefore not before us for consideration.

We must therefore determine from the bill of exception alone whether an abuse of discretion is shown in the overruling of the motion for continuance.

The bill shows that a motion for continuance was filed alleging that counsel who had been retained by appellant was unable because of illness to represent him at the trial. The motion was sworn to by appellant and was supported by affidavit

of a Temple physician who had not seen counsel since August 15th. His affidavit was to the effect that said counsel was "unable to participate in his professional duties until a re-evaluation of his physical condition on September 11th, 1953, because it would be detrimental to his health at this time to do so."

The bill certifies that appellant was given an opportunity to secure other counsel but declined to do so "because defendant did not in fact desire other counsel." Also that the court refused to grant the application for continuance because he believed counsel was physically able to try the case.

In the absence of any complaint regarding the conduct of the trial of appellant without counsel, we are unable to agree that an abuse of discretion is shown which calls for reversal.

The judgment is affirmed.