Owen F. **MAJESKE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16081.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1959.

Rehearing Denied March 31, 1959.

Owen Frederick Majeske, in pro. per.

Laughlin E. Waters, U. S. Atty., Bruce A. Bevan, Jr., Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Majeske was convicted of the crime of reproducing currency, 18 U.S.C.A. § 474, in five counts, after a trial before a judge and a jury.

He raises two questions only. First, he claims the trial court abused its discretion in the denial of a motion for continuance on the day the case was called for trial. Second, Majeske contends he was denied his constitutional right to be represented by prepared counsel.

Majeske hired and retained one Cletus J. Hanifin to represent him in the District Court. He represents that he consulted with and prepared the case with Mr. Hanifin before trial. At the time set for arraignment, December 9, 1957, Harry Alkow, an attorney duly admitted to practice in the court, represented Majeske. The latter claims this was an accommodation to Hanifin, but there is no such suggestion in the record before us. Alkow appeared to ask that the trial be postponed upon the day it was set, January 7, 1958, a month after the arraignment. Later he represented that he was not an associate of the office of Hanifin, but did "certain work for them." Alkow requested a continuance because "Mr. Hanifin was in a jury trial, believing he would be here this morning and he is still in trial." The trial judge directed Alkow to talk with the witnesses and defendant upon the representation of Alkow that the latter knew nothing about the case and had talked to neither, but it was directed that a jury be drawn. When these matters were accomplished,

the trial judge postponed the trial until the next day.

Upon that day, January 8, 1958, the case was called for trial. Alkow was present and again represented Hanifin was engaged in a jury trial elsewhere, and said defendant "still thinks that he has a right to be represented by counsel that he has employed." Defendant personally said that he did not "agree to this man representing me yesterday." The court ruled that either Hanifin or Alkow, or both, could represent defendant. The trial judge said to Alkow: "The case was called for trial yesterday. You appeared in place of Mr. Hanifin. The jury was selected yesterday. You acted as counsel for defendant." Thereupon, the trial proceeded.

If this story of Majeske and these representations of Alkow to the trial court are true, Hanifin deserves censure. He did not see fit to appear in this Court, and Majeske was represented by another lawyer. We have had no opportunity to hear him. But, upon the record before us, the conduct of Hanifin is such as to bring the profession in disrepute. He had about a month between December 9, 1957, and January 7, 1958, to prepare the case for trial or satisfy his client with another lawyer. He did neither. We judge him on the record. If he had any explanation, it was his duty to furnish it to the trial judge. The concern of the courts is for the protection of the defendant. But, where a member of the Bar of the District is employed, this Court will not reverse a just conviction simply because the lawyer employed did not see fit to attend the trial.

So far as Majeske was concerned, no prejudice has been shown. So far as the record before us shows, Alkow properly represented him. No error has been pointed out. Therefore, irrespective of the fact that he was not represented by the counsel whom he originally employed, the conviction must be affirmed.[1] He

did not object to the representation by Alkow when the plea was entered. Neither Hanifin nor Alkow nor defendant had advised the court before the date set for trial that Hanifin could not be present. The courts could not be successfully administered if such an excuse were held good ground for postponing a trial for several days to suit the convenience of the attorney. If it were valid in one case, the court might have the same type of excuse in every case called. Here the court did grant one day extension, during which time arrangements for defense could have been made.

The trial court did not abuse its discretion.

Affirmed.

---

1. Williams v. United States, 9 Cir., 203 F. 2d 85, 86, certiorari denied 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408; Neufield v. United States, 73 App.D.C. 174.

118 F.2d 375, 383–384, certiorari denied Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199.