Commonwealth *v.* Merritt, Appellant.

258

Argued September 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before JEROME, J.

*Cecil B. Moore,* for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This case comes on appeal from judgment of sentence on defendant's argument that he was denied his constitutional right to be represented by counsel of his choice. Defendant was found guilty by a jury on two

counts of involuntary manslaughter and fifteen counts of leaving the scene of an accident. Following denial of a motion in arrest of judgment and for a new trial, defendant was sentenced to consecutive terms of 1 to 2 years on the involuntary manslaughter indictments and to consecutive terms of 5½ to 11 months on four counts of failure to stop a motor vehicle, for a total sentence of 2 years 5½ months minimum to 4 years 11 months maximum. A brief summary of the history of the case will illuminate the problem.

On December 3, 1971, an automobile struck a group of persons as they were leaving a basketball game at a local high school. Two were fatally injured. When the auto finally stopped, the occupants fled the scene. Defendant was subsequently arrested, charged with involuntary manslaughter, leaving the scene of an accident, and operating a motor vehicle after his license was suspended. A preliminary hearing was held on December 15, 1971, at which defendant was represented by an attorney of his choice, Cecil B. Moore, Esq. of Philadelphia. Defendant was bound over to the Grand Jury which approved Bills of Indictment on March 6, 1972.

On that date, defendant was arraigned, but his counsel, Mr. Moore, was not present at the arraignment. At this time defendant was informed by the court that his trial was being set for April 17, 1972, and that if Mr. Moore failed to appear on that date, the court would appoint a Public Defender to represent him so that the trial could proceed.

When the case was first called for trial on April 17, 1972, the defendant again appeared in court without his counsel, Mr. Moore. No application for a continuance had been made prior to that time.

The case was continued by the court stating that the case would be tried at the next term, but defendant was also informed that a member of the Public Defender's

Office was being appointed to represent him as "co-counsel" in the event that Mr. Moore failed to appear on that date. When the case was again called for trial, on June 12, 1972, defendant appeared without Mr. Moore. Again no application for a continuance had been received from Mr. Moore. Jury selection then took place with the defendant being represented by John G. McDougall, Esq., a Public Defender. At 2:00 P.M. on that day the Court received in chambers a letter from Mr. Moore requesting a continuance because of his unavailability. However, Mr. Moore also informed the court that, because of his heavy caseload, he could not promise to be available on *any* given day. The request was refused and the trial proceeded with the defendant being represented by Mr. McDougall. Post-trial motions were filed on defendant's behalf by both Mr. McDougall and by Mr. Moore. Defendant does not raise any trial errors or allege that he was not adequately represented by Mr. McDougall.

Traditionally, the question of whether a request for a continuance should be granted or refused rests within the discretion of the trial judge and that ruling will be upheld where there has been no abuse of discretion. *Commonwealth v. Snow,* 178 Pa. Superior Ct. 319, 116 A. 2d 283 (1955). Of course, if the denial of such a request is so arbitrary that it violates due process it cannot stand. As the Supreme Court stated in *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964) : "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

The factors to which the trial judge should look were considered by the court in *Gilmore v. United States,* 273 F. 2d 79 (D.C. Cir. 1959). In order to determine whether the trial judge there had abused his dis-

cretion in denying defendant's request for continuance because of the unavailability of out of town counsel on that date, the court looked to the nature of the charge to determine whether it was complicated or difficult, or whether defenses were available which were obvious to any lawyer. It also looked to the nature of the evidence produced at trial to sustain those charges in order to determine whether it was of sufficient weight to justify the conviction. Lastly, the court looked to see if the party seeking the continuance has shown that the denial of the continuance has resulted in any prejudice at trial. To the same effect is *United States v. Jones,* 369 F. 2d 217 (7th Cir. 1966).

While adequate representation by qualified counsel is indispensable, and as a result, parties have a right to choose counsel if they can afford one, or to have counsel appointed if they cannot, the intrinsic professional competence of counsel is all that matters despite the defendant's preference for the name or fame of a particular attorney. See *Dennis et al. v. United States,* 340 U.S. 887 (1950). As stated in *Majeske v. United States,* 266 F. 2d 947, 948 (9th Cir. 1959) : "So far as [the defendant] was concerned, no prejudice has been shown [as a result of the denial of a continuance.] So far as the record before us shows [counsel appointed by the court] properly represented him. Therefore, irrespective of the fact that he was not represented by counsel whom he originally employed, the conviction must be affirmed."

Considering a similar problem in *Avery v. Alabama,* 308 U.S. 444 (1940), the Supreme Court found it significant that defendant's post-conviction appeal had shown nothing further that could or would have been done had the continuance been granted. See also *United States v. Inman,* 483 F. 2d 738 (4th Cir. 1973), requiring full disclosure of reasons for requested continuance.

It is clear therefore that there is no constitutionally mandated right to the counsel of one's choosing in all

circumstances. *U.S. ex rel. Baskerville v. Deegan*, 428
F. 2d 714 (2d Cir. 1970). As the court stated in *Lee
v. United States*, 235 F. 2d 219, 221 (App. D.C. 1956):
"[T]he accused's 'right to select his own counsel cannot
be insisted upon in a manner that will obstruct an
orderly procedure in courts of justice, and deprive such
courts of the exercise of their inherent powers to con-
trol the same.' "[1]

In the recent case of *Budget Laundry Co. v. Mun-
ter*, 450 Pa. 13 (1972), our Supreme Court concluded
that the trial judge had abused his discretion in refus-
ing to grant a continuance where the opposition did not
object and when it was obvious that the trial, if con-
tinued, would be held in that same term without preju-
dice to the parties; and further, where there had been
a "working agreement" in existence between the Court
of Common Pleas and the Federal District Court where
the plaintiff's attorney was in court on the day that
the case was called for trial. The Court also pointed
out that such conflicts occurred infrequently in civil
litigation such as this, and decided the question solely
on the basis that the trial judge had abused his discre-
tion in refusing a continuance.

*Nerkowski v. Yellow Cab Co.*, 436 Pa. 306 (1969),
also considered the trial judge's refusal to grant a con-
tinuance in a civil case an abuse of discretion, especial-
ly in light of the "detailed medical testimony on the
controversial and difficult question of personality dis-
orders" which could be effectively presented only by
a particular counsel, who was unavailable on the day
the case was called for trial.

In *Commonwealth v. Snow*, supra, we set forth sev-
eral factors which the court should weigh when consid-
ering a request for a continuance based upon the un-

---

[1] Quoting from *Smith v. United States*, 288 F. 259, 261, 53 App.
D.C. 53, 55 (1923).

availability of the defendant's chosen counsel. Among these factors was the fact that the defendant had previous courtroom experience, that the sentence imposed was not unduly harsh, that no additional defense had been presented which would have been available had the requested continuance been granted, and that the nature of the offense was such that the defendant was not unfairly treated by being forced to proceed to trial without the counsel of his choice.

The Pennsylvania Supreme Court addressed itself to this problem in a related context in *Moore v. Jamieson*, 451 Pa. 299 (1973).[3] In considering the alleged infringement upon the right of a criminal defendant to counsel of his choice, the Court held that the right to counsel of one's own choosing is important to one facing criminal prosecution, but, that this right is not an absolute one, particularly when it obstructs the state's constitutional duty to provide speedy trials and its obligation to its citizens to have criminal violations adjudicated quickly. Thus, the court in effect declared that in balancing the conflicting demands of the administration of the court calendar with the right of the accused, the trial judge must determine which of those

---

[2] The Court expressly declined to consider the presence or absence of a constitutional right to counsel of one's choice.

[3] In that case the Supreme Court struck down, as unconstitutionally overbroad, a local rule of the Philadelphia Court of Common Pleas which prohibited an attorney who represented ten or more criminal defendants whose indictments were more than twelve months old from entering an appearance in any additional cases. The Court reasoned that while such a rule could be properly drafted to limit the caseload of attorneys without infringing upon either their right to practice or an individual's right to the counsel of his choice, such a rule must take into account the fact that some clients may not have come to trial through no fault of the attorney. We note in passing that the "Moore" in *Moore v. Jamieson* is also the Cecil B. Moore who was unable to appear, or state when he could appear, in the instant case.

two rights in a particular case outweighs the other. And in doing so the trial court must consider, in addition, other defendants awaiting trial, whose rights may be affected by the consequences of trial delay. See also *U.S. ex rel. Carey v. Rundle*, 409 F. 2d 1210, 1214-15 (3d Cir. 1969).

A review of the record in the present case convinces us that the trial judge acted properly in refusing to grant defendant's requested continuance. First of all, no alternative solution to that chosen by the trial judge appears to us, nor has any been suggested by the appellant, other than the unacceptable one of continued delay. Furthermore, the state had, for the second time, called all of its sixty-six witnesses to the tragic incident, and the granting of a second continuance would place an undue hardship on them. Finally, the trial court took every possible precaution to insure that the defendant's cause would not be prejudiced by the unavailability of Mr. Moore, especially in its appointment of co-counsel two months before the date fixed for trial. The sagacity of the court in this respect is underscored by the fact that the appellant does not point to any defect in his defense which would indicate that the appointed counsel was ill-prepared, or allege that anything further could have been done in his defense had the requested continuance been granted.

Since the nature of the charges against the defendant were such that they could effectively be defended by the counsel appointed by the trial judge, and since the evidence of the defendant's guilt was overwhelming, the defendant was not prejudiced in any way by being required to proceed to trial with counsel appointed by the court.

Judgment of sentence of the lower court is affirmed.