The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John Steven ANAYA,
Defendant-Appellant.

No. 84CA1389.

Colorado Court of Appeals,
Div. III.

Oct. 16, 1986.

Rehearing Denied Nov. 13, 1986.

Certiorari Granted (Anaya) Feb. 17, 1987.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Douglas D. Barnes, Deputy Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

John Steven Anaya appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted second degree kidnapping, second degree assault, felony menacing, and commission of a crime of violence. We affirm.

The prosecution's evidence at trial established that a man driving a Volkswagen Rabbit followed the victim in her car from a shopping center several miles to a dark cul-de-sac in a subdivision. The victim got out of her car to pick up some mail, and the man asked her for directions. When she approached his window, he grabbed her and held a gun to her mouth. She screamed and, after a struggle, broke free. She ran to a nearby house and called police as the man drove away.

The victim later identified her assailant as defendant. Defendant maintained throughout trial that he had been misidentified, and that he had been home watching television on the evening in question.

I.

Defendant first contends that the trial court abused its discretion in disqualifying his original counsel from the case for appearance of impropriety. We agree, but conclude that there was no reversible error.

A law firm initially entered an appearance on behalf of defendant. Prior to the preliminary hearing, the district attorney moved for appointment of a special prosecutor for reasons unrelated to defendant's charges, and the court granted the motion. Also before the hearing, the firm representing defendant hired a former Jefferson County deputy prosecutor as an associate. The new associate played no role in the defense of this case.

On the day of the preliminary hearing in the county court the special prosecutor moved to disqualify defendant's counsel, on the ground that the associate's previous employment gave rise to an appearance of impropriety in violation of Code of Professional Responsibility Canon 9. The county court concluded that "the mere appearance of impropriety may cause the public to reflect adversely with regard to this case," and accordingly, it ordered the firm disqualified under Code of Professional Responsibility DR 5–105(D).

Defendant sought relief in the nature of prohibition from the district court, which affirmed the order on the ground that the associate's employment gave rise to an appearance of impropriety under Code of Professional Responsibility DR 9–101(B). The court based its decision on *Osborn v. District Court,* 619 P.2d 41 (Colo.1980), in which the Supreme Court held that a former deputy district attorney who had assisted in the prosecution of a defendant was disqualified under DR 9–101(B) from representing that defendant at a new trial.

■ Code of Professional Responsibility DR 9–101(B) provides that: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." To disqualify a former public employee as an attorney, there must have been a responsibility requiring him to become personally involved to an important, material degree in the investigative or deliberative processes regarding the transactions or facts in question. *Osborn v. District Court, supra;* ABA Committee on Ethics & Professional Responsibility, Formal Opinion 342 (1975). Thus, the issue before us also concerns whether the associate had such "substantial responsibility" in defendant's prosecution so as to require disqualification of the entire firm.

■ Here, there is no evidence of "substantial responsibility" which would warrant disqualification. A senior deputy dis-

trict attorney testified at hearing that the associate took part in "one or two" short discussions, which he characterized as "B.S. sessions," concerning defendant's case. The associate testified that he had not read defendant's file, had not interviewed defendant or witnesses, and did not know what charges had been filed. Considering his lack of knowledge of the case, we conclude that the associate's brief participation in the "B.S. sessions" cannot be called "personal involvement to an important, material degree" so as to constitute "substantial responsibility" under DR 9-101(B). *See Cleary v. District Court*, 704 P.2d 866 (Colo.1985).

Moreover, other considerations weigh against disqualification for appearance of impropriety. After the special prosecutor was appointed, the district attorney's office no longer had any connection to the case. The associate's noninvolvement in the defense also distinguishes this case from the situation in *Osborn v. District Court*, *supra*, in that he did not accept private employment *in a matter* in which he had responsibility while a deputy district attorney. *See* DR 9-101(B); ABA Formal Opinion 342, *supra*.

Although the matter of attorney disqualification is properly committed to trial court discretion, we conclude that the facts of this case do not create an appearance of impropriety, and that the trial court abused its discretion in disqualifying the firm from representing defendant. *See Cleary v. District Court, supra.*

■ However, we do not find that defendant was thereby harmed. Defendant makes no showing of hardship or prejudice as a result of his attorney's disqualification, nor does he claim to have been denied effective assistance of counsel. *See Armstrong v. People*, 701 P.2d 17 (Colo.1985). On the contrary, defendant asserts only that the court unnecessarily deprived him of representation by the attorney of his choice. While the constitutional right to counsel is absolute, there is no right to a particular counsel. *Osborn v. District Court, supra.* Thus, because no substantial right of defendant was prejudiced, any error was harmless. Crim.P. 52(a).

## II.

Defendant next contends that the trial court committed reversible error in refusing to submit his jury instruction regarding the victim's misidentification of defendant. We disagree.

■ A defendant is entitled to a jury instruction on his theory of defense if it is supported by evidence in the record. *People v. Dillon*, 655 P.2d 841 (Colo.1982). However, if the defendant's tendered instruction merely restates points covered by other instructions and reiterates a general denial of guilt, he is not entitled to the instruction, and it is not error to refuse to give it. *People v. Young*, 710 P.2d 1140 (Colo.App.1985).

■ Here, defendant's requested instruction would have charged the jury that unless the prosecution had disproved beyond a reasonable doubt that defendant was misidentified, defendant must be found not guilty. Since the defendant's identity is an element of each crime charged, this point was already covered by the instructions given concerning the prosecution's burden of proof on the elements. The instruction, therefore, was properly rejected as cumulative. *See People v. Sandoval*, 710 P.2d 1159 (Colo.App.1985).

## III.

■ Finally, defendant contends that his conviction and sentence for both second degree assault pursuant to § 18-3-203(1)(b), C.R.S. (1986 Repl.Vol. 8B) and commission of a violent crime pursuant to § 16-11-309, C.R.S. (1986 Repl.Vol. 8A) violated equal protection and subjected him to double jeopardy. *People v. Haymaker*, 716 P.2d 110 (Colo.1986) has resolved these issues against defendant.

Judgment affirmed.

SMITH and METZGER, JJ., concur.