John Steven ANAYA, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 86SC428.

Supreme Court of Colorado,
En Banc.

Nov. 7, 1988.

Rehearing Denied Dec. 19, 1988.

David F. Vela, State Public Defender
Douglas D. Barnes, Deputy State Public
Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Cynthia D. Jones, Asst.
Atty. Gen., Denver, for respondent.

MULLARKEY, Justice.

In *People v. Anaya*, 732 P.2d 1241 (Colo.
Ct.App.1986), the court of appeals conclud-
ed that the trial court erroneously disqual-
ified the trial counsel retained by the de-
fendant but held that the error was harm-
less because the defendant did not show
that he received ineffective assistance from
his replacement counsel or that he was
harmed or prejudiced by the disqualifica-
tion. We granted certiorari to review the
court of appeals' determination that the
error was harmless and we now reverse.
Under the facts of this case, we conclude
that the trial court's erroneous disqualifica-
tion of a criminal defendant's retained
counsel violated the defendant's Sixth
Amendment right to counsel and necessi-
tates a new trial.

I.

John Steven Anaya retained Steven Poli-
dori and Marshall Fogel of the law firm of
Fogel, Keating and Wagner (the law firm)
to represent him in Jefferson County court
on charges of second degree assault, at-
tempted second degree kidnapping, felony
menacing, and a crime of violence. Prior
to the preliminary hearing in the case, the
law firm hired Alan Shafner who had been
a Jefferson County deputy district attorney
for the previous three years. The special
prosecutor [1] appointed to prosecute the
case for the Jefferson County district attor-
ney's office moved to disqualify the law
firm from representing Anaya. The prose-
cutor alleged that Shafner had knowledge
concerning the district attorney's case
against Anaya which gave the defense an
unfair advantage in the case and raised an
appearance of impropriety.

---

1. The district attorney's motion for appointment
of a special prosecutor was granted based on
the grounds that a material witness in this case
was currently being prosecuted by the same
district attorney's office.

At the hearing to consider the motion for disqualification, Jefferson County deputy district attorney John Byron testified that Shafner attended an informal meeting with other deputy prosecutors where a discussion took place concerning weaknesses in the victim's identification of Anaya and how the weaknesses might be counteracted. Shafner testified that he knew practically nothing about the case and his participation in the discussion was limited to advice regarding similar transaction evidence. Based upon the testimony at the hearing, the county court found that the situation raised an appearance of impropriety and disqualified any member of the law firm from representing Anaya.

Anaya appealed the disqualification ruling to the Jefferson County District Court by seeking relief in the nature of prohibition. On August 19, 1983, the district court affirmed the county court's order based on C.P.R. DR 9–101(B) ("A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.") and *Osborn v. District Court*, 619 P.2d 41 (Colo.1980) (former deputy district attorney who had assisted in prosecution of the defendant was disqualified under DR 9–101(B) from representing that defendant in a new trial).

Anaya then retained new counsel, Ethan Feldman, who entered his appearance on September 2, 1983. At that time, Feldman renewed Anaya's objection to the disqualification of his original counsel and the objection was noted for the record.

The case came to trial almost a year later in August 1984 and Anaya again objected to the disqualification of his original trial counsel. While the jury deliberated, the trial court took up several matters which, as it stated, "the court [had] ruled on during the trial proceedings" and now considered in order "to perfect the record as counsel sees fit on that matter." One such matter was the disqualification of Anaya's original counsel. Feldman represented to the court that Polidori and Fogel (two members of the law firm which had been disqualified) had represented Anaya for many years, that Anaya regarded them as friends, and that Anaya trusted them. Feldman made an offer of proof that Anaya would testify that, at all times throughout the case, it had been Anaya's desire that his original counsel represent him. Feldman argued that the disqualification was erroneous and prejudicial to Anaya. The trial court held that it could not reconsider the disqualification motion and denied the motion.

The jury convicted Anaya of all charges. The trial court made a finding of extraordinary aggravating circumstances, based upon the crime of violence conviction, and sentenced Anaya to an aggravated prison term of eight years for second degree assault and concurrent two-year sentences for the remaining counts.

Anaya appealed the conviction, contending that the trial court abused its discretion by disqualifying his original counsel from the case for appearance of impropriety. The court of appeals affirmed the convictions and sentences. It held that although the trial court abused its discretion in disqualifying the law firm, the petitioner was not harmed by the trial court's erroneous disqualification of the law firm because Anaya made no showing that the disqualification prejudiced him or caused him to receive ineffective assistance of counsel. The court stated:

> Defendant makes no showing of hardship or prejudice as a result of his attorney's disqualification, nor does he claim to have been denied effective assistance of counsel. *See Armstrong v. People*, 701 P.2d 17 (Colo.1985). On the contrary, defendant asserts only that the court unnecessarily deprived him of representation by the attorney of his choice. While the constitutional right to counsel is absolute, there is no right to a particular counsel. *Osborn v. District Court* [619 P.2d 41 (Colo.1980)].

*Anaya*, 732 P.2d at 1243.

We granted certiorari to determine whether a defendant must demonstrate constitutionally ineffective assistance of counsel on the part of his trial attorney in order to receive the remedy of a new trial

when his original counsel of choice was erroneously disqualified by the trial court. The People did not cross-petition for review of the court of appeals' holding that the trial court erroneously disqualified the defendant's retained counsel. That issue is not before us and we express no opinion on the correctness of the court of appeals' holding. Our analysis, therefore, is based on the assumption that the law firm was erroneously disqualified and it is limited by the facts of this case to the criminal context. We conclude that a new trial is required in this case.

## II.

Anaya's constitutional claim was based on the Sixth Amendment to the United States Constitution which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." It long has been recognized that "an accused who desires and is financially able should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). *See also Chandler v. Fretag*, 348 U.S. 3, 9–10, 75 S.Ct. 1, 4–5, 99 L.Ed. 4 (1954). We recognized a defendant's right to retain counsel of choice in *Rodriguez v. District Court*, 719 P.2d 699 (Colo.1986), where we stated:

> A defendant's right to be represented by counsel of choice is grounded in the jurisprudence of the sixth amendment to the United States Constitution and is entitled to great deference. This guarantee reflects the substantial interest of a defendant in retaining the freedom to select an attorney the defendant trusts and in whom the defendant has confidence.... Because the preservation of this freedom of choice of counsel is a central feature of our adversary system, it is of substantial importance to the integrity of the judicial process.

*Id.* at 705–06 (citations omitted).

The right to defend is a personal right given directly to the defendant because it is the defendant "who suffers the consequences if the defense fails." *Faretta v.*

*California*, 422 U.S. 806, 819–20, 834, 95 S.Ct. 2525, 2533, 2540–41, 45 L.Ed.2d 562 (1975). As the Supreme Court emphasized:

> [a]n unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not *his* defense.

*Id.* at 820–21, 95 S.Ct. at 2534 (emphasis in original). In the case now before us, there is no indication that Anaya acquiesced in his representation by the attorney who replaced his original counsel of choice. On the contrary, as the facts recited above indicate, he continually renewed his objection to the disqualification of the law firm.

## III.

The question before us now is whether the erroneous disqualification of a defendant's counsel of choice may be harmless error. The United States Supreme Court has not addressed this precise issue although, in other contexts involving the Sixth Amendment right to counsel, that Court has held that the error cannot be considered harmless. For example, in *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), the Court held that unconstitutional multiple representation is never harmless error. When an actual conflict of interest is shown, the Court said that it refused "to indulge in nice calculations as to the amount of prejudice" attributable to the conflict (quoting *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942)). We reached the same conclusion in *People v. Castro*, 657 P.2d 932, 943–44 (Colo.1983), where we held that "[i]f an accused demonstrates that his lawyer labored under an actual conflict of interest during the trial, a showing of actual prejudice is not a condition for relief." Quoting from *Holloway v. Arkansas*, 435 U.S. 475, 490–91, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978), we noted that a showing of actual prejudice would often be impossible.

Dictum in a recent United States Supreme Court case written by Justice O'Connor strongly supports Anaya's argument that a harmless error analysis does not apply when the trial court erroneously denies a defendant's retained counsel of choice. In *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), the United States Supreme Court held that erroneous disqualification of counsel was not immediately appealable. In explaining its ruling, the Court stated:

> [T]o the extent that the asserted right to counsel of one's choice is like, for example, the Sixth Amendment right to represent one's self ... [o]btaining reversal for violation of such a right does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding.... No showing of prejudice need be made to obtain reversal in these circumstances because prejudice to the defense is presumed.

*Id.* at 267–68, 104 S.Ct. at 1056 (citations omitted). Individual members of the Court have indicated that a new trial is required when the trial court erroneously disqualifies the defendant's counsel of choice. *See Wheat v. United States*, —— U.S. ——, 108 S.Ct. 1692, 1700–1704, 100 L.Ed.2d 140 (1988) (Marshall, Brennan, JJ., dissenting); *id.* 108 S.Ct. at 1704 (Stevens, Blackmun, JJ., dissenting); *Morris v. Slappy*, 461 U.S. 1, 27–28, 103 S.Ct. 1610, 1624–25, 75 L.Ed. 2d 610 (1983) (Brennan, Marshall, JJ. concurring). *See also Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 443, 105 S.Ct. 2757, 2767, 86 L.Ed.2d 340 (1985) (Stevens, J. dissenting) ("[I]n a criminal case an erroneous order disqualifying the lawyer chosen by the defendant should result in a virtually automatic reversal....").

Several courts which have addressed directly the issue now before us have rejected the harmless error rule and have held that reversal is required when a defendant unreasonably has been denied his choice of counsel. *See e.g. United States v. Washington*, 797 F.2d 1461, 1467 (9th Cir.1986); *United States v. Rankin*, 779 F.2d 956, 961 (3d Cir.1986); *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir.1985); *United States v. Laura*, 607 F.2d 52, 58 (3d Cir.1979); *Harling v. United States*, 387 A.2d 1101, 1106 (D.C.App.1978). In *Linton v. Perini*, 656 F.2d 207, 211–12 (6th Cir.1981), the court stated:

> Evidence that a defendant was denied this right [to retain counsel at his own expense] arbitrarily and without adequate reason is sufficient to mandate reversal without a showing of prejudice. Basic trust between counsel and defendant is the cornerstone of the adversary system and effective assistance of counsel.

*See also United States v. Burton*, 584 F.2d 485, 491 n. 19 & 498 (D.C.Cir.1978), *cert. denied*, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979) (prejudice is not a prerequisite to determining whether the right to select one's own counsel was violated, and if that right was violated, the error cannot be harmless).

Two considerations weigh heavily against adopting a harmless error analysis. First, as we concluded in *People v. Castro*, 657 P.2d 932, frequently it is impossible to show prejudice in these circumstances.[2] In his concurrence in *Morris v. Slappy*, 461 U.S. at 27, 103 S.Ct. at 1624, Justice Brennan contrasted a claim of ineffective assistance of counsel with a claim of deprivation of one's counsel of choice. He observed that in an ineffective assistance of counsel claim, it may be appropriate to require a showing of prejudice "because courts are able to assess an attorney's performance

---

**2.** Constitutional error in a criminal case may be deemed harmless only when the reviewing court is satisfied beyond a reasonable doubt that the error did not contribute to the verdict. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Crespin v. People*, 721 P.2d 688, 691 (Colo.1986). Requiring a showing of no harm beyond a reasonable doubt in these

circumstances also imposes an impossibility analogous to that which would be placed on the defendant to show the existence of prejudice. In the present case, we note that the court of appeals made no showing or declaration that the People proved that the error was harmless beyond a reasonable doubt.

and the effect of that performance on a defendant's rights based on the records before them." *Id.* When a defendant has been denied his counsel of choice, the same judgments cannot be made by the reviewing courts. "The fact that a defendant has been arbitrarily denied his interest in preserving his relationship with a particular attorney, with the result that the attorney does not appear, means that there is no record on which to base judgments regarding prejudice." *Id.* Accordingly, "there is no way to know whether the character of the proceedings would have changed, whether counsel would have made different decisions, or whether the defense strategy would have been different if [counsel of choice] had represented [the defendant]." *Id.* at 28, 103 S.Ct. at 1624. Under these circumstances, prejudice to the defendant is assumed without the necessity of showing specific prejudice. *See United States v. Dougherty,* 473 F.2d 1113, 1148 (D.C.Cir.1972) ("[I]f the conventional doctrine of harmless error is applied, it will in effect undercut the right of pro se representation, since rarely if ever can there be a showing of prejudice in terms of result from the conduct of a trial by counsel.").

Second, to adopt the court of appeals' suggestion that a defendant be required to show that his substitute counsel rendered ineffective assistance would be to make the defendant's right to counsel of choice meaningless. *See Davis v. State,* 292 Ala. 210, 291 So.2d 346 (1974) (in the reversal of a conviction, the reviewing court need not take into consideration whether substitute counsel afforded competent representation when accused's choice of retained counsel was denied). *Cf. United States v. Watson,* 496 F.2d 1125 (4th Cir.1973) (application of the harmless error doctrine to the denial of a federal statutory right to two attorneys in a capital criminal case "eviscerated" that right even though the record indicated the defendant was fairly tried). This is so because a showing of ineffective assistance of counsel, in and of itself, is reversible error. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed. 2d 674 (1984); *People v. Pozo,* 746 P.2d 523, 526 (Colo.1987); *Hutchinson v. People,* 742 P.2d 875, 886 (Colo.1987). Imposing this standard on a claim of erroneous disqualification of counsel of choice allows no remedy at all for deprivation of that right.

Thus, we conclude that the court of appeals erred in adopting a harmless error standard. We reverse and remand the case to the court of appeals with directions to remand the case to the trial court for a new trial.

ERICKSON, J., dissents and ROVIRA, J., joins in the dissent.

VOLLACK, J., does not participate.

ERICKSON, Justice, dissenting:

I respectfully dissent. I would affirm the result reached by the court of appeals in *Anaya v. People,* 732 P.2d at 1241 (Colo. App.1986), but for somewhat different reasons. The majority concludes that the court of appeals erred when it determined that the error in disqualifying counsel retained by the accused was to be measured by the harmless error standard. Crim.P. 52(a). I agree that the harmless error standard does not enter into the equation. But I also agree with the court of appeals analysis and conclusion that no substantial right of the defendant was prejudiced. Judge Babcock said:

> Defendant makes no showing of hardship or prejudice as a result of his attorney's disqualification, nor does he claim to have been denied effective assistance of counsel. On the contrary, defendant asserts only that the court unnecessarily deprived him of representation by the attorney of his choice. While the constitutional right to counsel is absolute, there is no right to a particular counsel.

*Anaya,* 732 P.2d at 1243 (citations omitted).

In my view, the sole error that was committed by the court of appeals was in applying the harmless error standard when the proper standard for a constitutional error is "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In my view, the error was harmless beyond a reasonable doubt. After the defendant's

first lawyer was disqualified on August 19, 1983, the defendant retained a second lawyer who prepared additional motions and had over a year to prepare for trial. Trial to a jury commenced on August 28, 1984, and resulted in a guilty verdict. The evidence of guilt was overwhelming and the sole issue was identification. Following a presentence investigation, the defendant was sentenced to a substantial period of confinement. Defense counsel raised the sixth amendment issue and asserted that defendant was denied the right to counsel of his own choice, but no timely objection was made prior to trial or before the case was submitted to the jury.[1] No showing of prejudice was alleged or proved by the defendant. The defendant did not claim ineffective assistance by his trial counsel. Whether the county court and on appeal the district court erred in concluding that the defendant's original counsel should be disqualified is not before us in this certiorari proceeding.

We granted certiorari to review the sixth amendment issue relating to the erroneous disqualification of the first lawyer retained by the defendant. In my opinion, the record does not reflect that the defendant was prejudiced by the error. He did not object to going to trial with the second lawyer he retained and did not object to the case being submitted to the jury on the grounds that his first lawyer was erroneously disqualified. Under the facts in this case, a new trial is a windfall to the defendant and a distortion of the magnitude of the error asserted. No claim has been made that the defendant's trial counsel was denied adequate time to prepare for trial. No claim has been made that his second lawyer was not every bit as competent as his first lawyer. Both lawyers were selected by the defendant. Moreover, the defendant has not alleged that his trial counsel was incompetent or that he was denied the effective assistance of counsel. *See* U.S. Const. amends. VI & XIV; Colo.

Const. art. II, § 16; *Armstrong v. People,* 701 P.2d 17 (Colo.1985).

The facts in this case are not comparable to those in *Gandy v. Alabama,* 569 F.2d 1318 (5th Cir.1978). In *Gandy,* reversal was required because of the obvious prejudice to the defendant that occurred when trial counsel moved for a continuance to participate in a civil trial and told the court that he would leave the court and have his associate try the case if the continuance was denied. Even though his associate was unprepared and unfamiliar with the case, defense counsel carried out his threat and abandoned his client and let his associate try the case. The Fifth Circuit reversed and found that the defendant had been denied due process of law. The prejudice to the defendant in the *Gandy* case was apparent. Here, prejudice has not been shown and should not be presumed.

In my view, a defendant must demonstrate actual prejudice before being awarded a new trial after his retained counsel is erroneously disqualified. *See United States v. Lustig,* 555 F.2d 737 (9th Cir. 1977); *Majeske v. United States,* 266 F.2d 947 (9th Cir.1955). The majority relies on dicta in *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1983), and *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), in support of its holding that a showing of prejudice is not required to obtain reversal for erroneous disqualification of counsel. However, in *Wheat v. United States,* —— U.S. ——, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the Supreme Court held that the sixth amendment right to choose one's own counsel is circumscribed and not absolute. *Id.* 108 S.Ct. at 1697. The Supreme Court characterized a defendant's right to counsel of his choice as a "qualified" right, and not as an "absolute" right. The Court has not held that reversal is required where counsel has been erroneously disqualified in the absence of prejudice or a claim of ineffective

1. The record before us reflects that defense counsel sought to withdraw after the case was submitted to the jury on the ground that the disqualification of the defendant's original counsel was error. The objection to disqualifi-

cation of the defendant's original lawyer was also made during the trial in conjunction with a motion for a mistrial based upon the admission of similar acts or offenses. The only other reference is in the motion for a new trial.

assistance of counsel. We have held in considering a motion for disqualification that a defendant's right to counsel of his own choice is not absolute, and is subject to a balancing test which takes into consideration the interests of a defendant to be represented by a particular lawyer and the public's right to maintain integrity in the judicial process. *Rodriguez v. District Court,* 719 P.2d 699, 706 (Colo.1986).

Indigent defendants do not have a sixth amendment right to counsel of their own choice. *See Gideon v. Wainright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Williams v. District Court,* 700 P.2d 549 (Colo.1985). Since indigent defendants do not have a right to counsel of their own choice, a person who has the financial means to employ an attorney should not be granted a supplemental right which guarantees him a new trial if the counsel he selects is erroneously denied the right to participate. There should be no difference between the defendant's right when counsel is retained and not appointed. Standard 4–3.9 of the ABA Standards for Criminal Justice (1986), provides: "Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." The majority opinion effectively creates a double standard based solely on a defendant's financial ability to retain the counsel he desires.

The defendant objected to the removal of counsel more than a year before trial began, in the argument of a motion for a mistrial for the admission of similar transaction evidence, and again in a motion to withdraw after the case was submitted to the jury. He also raised the issue in a motion for a new trial. In my view, new trial should not be granted because of an error that did not affect the validity of the truth-finding process or prejudice the defendant's rights. A trial judge should be afforded the right to correct an erroneous ruling on the disqualification of defense counsel. I believe a defendant's right to seek appellate review for the disqualification of the lawyer he retained must be preserved by an objection prior to the commencement of trial, and again before the case is submitted to the jury. In the absence of timely objections and a showing of prejudice, or a demonstration of ineffective assistance of counsel, the error should not result in reversal and a new trial.

Accordingly, I would affirm the judgment of conviction.

I am authorized to say that Justice ROVIRA joins in this dissent.